UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 10-cv-1519 |
| CITY OF CHICAGO; ) | |
| BOARD OF EDUCATION OF THE ) | Judge John W. Darrah |
| CITY OF CHICAGO; ) | |
| CHICAGO PUBLIC SCHOOLS; ) | |
| CAREDA TAYLOR; and ) | |
| RON HUBERMAN, Chief Executive ) | |
| Officer of Chicago Public Schools, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, George W. Bruce, brought this action against Defendants, City of Chicago, Board of Education of the City of Chicago, Chicago Public Schools, Careda Taylor, and Ron Huberman. Plaintiff asserts two claims against all Defendants: (1) a violation of his Fourteenth Amendment right to due process pursuant to 42 U.S.C. § 1983 and (2) a violation of the Illinois School Code, 105 ILCS 5/10-23.5. Defendant Huberman filed a Motion to Dismiss both claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failing to state a claim against Huberman.

## BACKGROUND

The following facts are taken from the Complaint and are accepted as true for purposes of this Motion. Plaintiff was employed as an Operations Manager at Percy L. Julian High School. In April 2009, Julian High School put into effect a

two-year, school-improvement plan that was approved by the local school council. Beginning April 6, 2009, Careda Taylor began serving as Interim Principal at Julian High School, following the reassignment of the former principal, Darreyl Young-Gibson. The Board of Education, over which Ron Huberman presides as Chief Executive Officer, did not vote to promote Taylor to the position of Interim Principal or remove Young-Gibson from her position. Defendant Ron Huberman is purportedly sued in his individual capacity.

On or about April 17, 2009, Interim Principal Taylor told Plaintiff that his position as operations manager would be closed and that she planned to create a business-manager position. Plaintiff told Taylor that he would like to be considered for the new business-manager position. Taylor informed him that he would not be considered for the position and that he should "move on." The Board of Education did not approve the removal of Plaintiff. Julian High School changed Plaintiff's position to a business-manager position; and Interim Principal Taylor hired a new business manager to fill the position on or about July 1, 2009.

Plaintiff alleges that Defendants violated his due-process rights by removing him from his job and denying him the new business-manager position. Defendants also failed to provide Plaintiff with thirty days' written notice that his position would be eliminated, as required by 105 ILCS 5/10-23.5. Plaintiff was qualified for the position of business manager, and Defendants failed to offer it to him as required by 105 ILCS 5/10-23.5.

## LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*). To survive a motion to dismiss, the plaintiff's claim must be plausible and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*Brooks*) (quoting *Twombly*, 550 U.S. at 555).

The court does not need to accept as true, "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Moreover, the court is not bound by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992). If it appears "to a certainty" that the plaintiff cannot establish any facts that would entitle him to the relief requested, dismissal is appropriate. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

## ANALYSIS

Defendant Ron Huberman is mentioned only once in Plaintiff's Complaint; the Complaint is devoid of any facts that would indicate Huberman had any personal involvement in the conduct claimed to be in violation of Plaintiff's rights or that Huberman had any duty to be involved. Indeed, Plaintiff specifically alleges that the Board of Education was *not* involved in the decision to remove Principal Young-Gibson, appoint Interim Principal Taylor, or close Plaintiff's position.

To avoid dismissal on this basis, Plaintiff alleges the factually threadbare conclusion that Huberman is sued in his "individual capacity." However, Plaintiff has failed to allege any specific personal involvement or individual knowledge on behalf of Huberman that would satisfy the minimum pleading requirements. Plaintiff responds that federal courts and litigants must "rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Plaintiff also relies on *Brown v. Budz*, 398 F.3d 904 (7th Cir. 2005) (*Brown*), for the proposition that it would be premature to dismiss his claim in advance of discovery.

In *Brown*, however, the plaintiff specifically alleged that certain defendants violated his right to equal protection by failing to supervise another inmate who severely beat him, by failing to investigate previous attacks, and by failing to punish the attacker. *Id.* at 917. The district court had dismissed these claims along with the rest of the plaintiff's complaint. *Id.* at 907. On appeal, the defendants argued that the dismissal should be affirmed because it would be "'unreasonable to assume' that the defendants

4

engaged in such misconduct considering the nature of their duties." *Id.* at 917. The Seventh Circuit disagreed, stating that the plaintiff "should at least be given the opportunity through discovery to determine the extent of each defendants [*sic*] duties of employment, and whether each defendant's alleged failure to act was in contravention of those respective duties and, ultimately, [the plaintiff's] equal protection rights." *Id.*

Here, by contrast, Plaintiff simply does not allege *any* misconduct on Huberman's part that would warrant pretrial discovery. In order to reach the discovery stage, the plaintiff must allege enough facts that raise a reasonable expectation that the discovery will reveal evidence supporting the plaintiff's allegations. *Brooks*, 578 F.3d at 581. *Brown* in no way permits a plaintiff to simply name a defendant and then engage in a court-sanctioned fishing expedition to see if that defendant did anything wrong.

Furthermore, with regard to Plaintiff's claim under state law, Huberman would be entitled to immunity for any discretionary policy decisions under the Illinois Tort Immunity Act ("ITIA"), which provides as follows:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion, even though abused.

745 ILCS 10/2-201. Plaintiff argues that Huberman can only be protected by tort immunity if he engaged in an act that was "discretionary and not ministerial." *Johnson v. Mers*, 664 N.E.2d 668, 674 (Ill. App. Ct. 1996) (*Johnson*). He further argues that the decisions regarding his removal could not be considered discretionary because they only affected one individual.

5

However, even if Huberman acted in some way that could be considered discretionary, the Illinois Supreme Court has held that the language of section 2-201 and the cases considering its applicability do not require that the decision achieve a common public benefit to come within the Act's immunity protections. *See Harrison v. Hardin County Cmty. Unit Sch. Dist. No. 1*, 758 N.E.2d 848, 853 (Ill. 2001). Therefore, the decisions regarding Plaintiff's removal, even if it somehow involved Huberman, would still be discretionary even though they only affected Plaintiff.

Plaintiff also seeks to avoid the issue of immunity by specifically alleging that Huberman is being sued in his *individual* capacity. However, as discussed above, Plaintiff fails to allege facts that implicate Huberman in *any* capacity.[1]

When all allegations are accepted as true and all reasonable inferences are drawn in Plaintiff's favor, Plaintiff's Complaint fails to state any claim for relief against Huberman. Accordingly, Huberman's Motion to Dismiss is granted.

---

[1] Furthermore, Plaintiff's individual-capacity theory appears to be inconsistent with his assertion that Huberman's conduct was ministerial and thus not protected by immunity. Plaintiff, in his response, acknowledges that ministerial acts are performed in obedience to the mandate of legal authority. (*See* Pl. Resp. 4 (citing *Johnson*, 664 N.E.2d at 674).) Plaintiff then argues, "The entire case is based upon the *defendants* simply not following the law." (Pl. Resp. 4 (emphasis added).) Thus, Plaintiff's Complaint is directed against the Board of Education, a unit of local government; and Huberman is included only in his official capacity and should also be dismissed as redundant. *See Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) (stating that suit naming as defendants a city and its mayor (in his official capacity) was actually a suit against the city only because "nothing was added by suing the mayor in his official capacity").

## CONCLUSION

For the reasons stated above, Huberman's Motion to Dismiss Counts 1 and 2 is granted. Defendant Huberman is dismissed from this action. Provided however, if Plaintiff can state a claim against Huberman in his individual capacity – and adhere to the requirements of Rule 11 – he may file an amended complaint within thirty-five days of the entry of this Order.

Date: August 31, 2010

JOHN W. DARRAH
United States District Court Judge